UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO SCOTT,

    Plaintiff,

v.                                                  Case No.:  2:20-cv-4-FtM-38MRM

CHAD POPPELL and DONALD SAWYER,

    Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff Lorenzo Scott initiated this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983.  (Doc. 1).  Defendants Chad Poppell and Donald Sawyer have filed motions to dismiss for failure to state a claim.  (Doc. 19, Doc. 24).

## BACKGROUND

Scott is civilly confined to the Florida Civil Commitment Center (FCCC) under the Sexual Violent Predators Act (SVPA), Fla. Stat. §§ 394.910-.913.  Under the SVPA, a person found to be a sexually violent predator must be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."  Fla. Stat. § 394.917(2).  Defendants are Secretary for the Florida Department of Children and Families Chad Poppell and FCCC Director Donald Sawyer.  Scott challenges an internal FCCC policy called PRG-11 as unconstitutional.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hypelink's availability and functionality, and a failed hyperlink does not affect this Order.

Scott was committed on November 16, 2016, and diagnosed with "a mental abnormality, personality disorder, and lack of volitional control." (Doc. 1 at 6). Scott states he received a disciplinary report under PRG-11 for "conducting a masturbation behavior looking directly at a staff member from the Group Room window." (Doc. 1 at 6). Without providing PRG-11, Scott claims his disciplinary report "carries a penalty of 90 days of confinement." (Doc. 1 at 6). Scott alleges "the mental health treatment that [he] is receiving for his diagnosis is punishment" and contends PRG-11 is "basically a copycat" of the disciplinary policy utilized by the Florida Department of Corrections (FDOC). (Doc. 1 at 3-6). Scott reasons that because he is not a prisoner and because PRG-11 mirrors the FDOC disciplinary policy in penalizing him with a term of confinement, PRG-11 amounts to punishment and is unconstitutional.

## LEGAL STANDARD

While *pro so* complaints are held to "less stringent standards" than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10 still apply. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 92 (11th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[A] lengthy…personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requires of Rules 8 and 10. *Giles*, 359 F. App'x at 93.

Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are

deemed true under Rule 12(b)(6), but a complaint is still insufficient without adequate facts.  *See id.* at 556.  The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim.  *Twombly*, 550 U.S. at 556.  "[L]abels…conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard.  *Id.* at 555.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or under the laws of the United States and (2) that the deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).  "[C]omplaints in § 1983 cases must…contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted).  Plaintiff must also allege a causal connection between the defendant's conduct and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Because Plaintiff is *pro se*, the Court must liberally construe the amended complaint.  *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998) (per curiam).  But courts are not under a duty to re-write a plaintiff's complaint to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11 Cir. 1993).  Nor is the Court required to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts.  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed.

3

2013) (noting that courts, when examining a 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law," or "sweeping legal conclusion…in the form of factual allegations").

## DISCUSSION

The Amended Complaint does not allege sufficient facts that Defendants deprived Scott of any constitutional rights by implementing PRG-11. Liberally construing the Amended Complaint, it appears Plaintiff claims his due process rights are being violated because the FCCC adopted the same "progressive" policy that FDOC uses and thus the implementation of this policy at the FCCC makes the FCCC akin to a prison, which *per se* is punitive and violates his constitutional rights. (Doc. 1 at 4-6). Scott fails to provide a copy of PRG-11, fails to point to any portion or language of PRG-11, and fails to otherwise explain how PRG-11 violates his due process rights. Instead, Scott makes the conclusory claim that because FDOC uses a similar rule, PRG-11 is punitive *per se*. And he asserts that as a civilly committed person he should be subject to the same "regressive" regulations as a mentally ill person committed under the Baker Act.

Due process requires that the conditions of confinement of a non-prisoner not amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Whether a condition of confinement amounts to "punishment" depends on whether the challenged condition is imposed for punishment or is incident to some other legitimate government purpose. *Id.* at 538-39. If a condition of confinement is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Although not prisoners, sexually violent predators, like other civil detainees, are unquestionably subject to security measures similar to those employed by corrections

officials. *Id.* at 540; *see also Allen v. Illinois*, 478 U.S. 364, 373-74 (1986) (detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished"). Thus, any similarity between PRG-11 and FDOC policy is understandable and does not prove a punitive intent. Other than Scott's conclusory allegation that PRG-11 is punitive, the amended complaint is devoid of factual allegations from which the Court can plausibly infer that PRG-11 is meant to punish.

Scott's argument that his status should be compared to mentally ill individuals committed under the Baker Act is similarly unpersuasive. The state legislature expressly found that the SVPA and the Baker Act were meant for different individuals. Significantly, in its statement of "findings and intent," the state legislature said that the SVPA was aimed at "a small but extremely dangerous number of sexually violent predators…who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act." Fla. Stat. § 394.910; *see also Westerheide v. State*, 831 So. 2d 93, 112 (Fla. 2002) (rejecting plaintiff's equal protection argument on the basis, *inter alia,* that it "rests on the false premise that individuals subject to commitment under the [SVPA] are similarly situated to mentally ill persons committed under the Baker Act") *and Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) ("we have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor such as mental illness or mental abnormality") (internal quotations omitted). Thus, Scott's status as civilly committed person under the SVPA is not analogous to a person committed under the Baker Act.

Accordingly, it is now

**ORDERED:**

Defendant Donald Sawyer's Motion to Dismiss (Doc. 19) and Defendant Chad Poppell's Motion to Dismiss (Doc. 24) are **GRANTED**.

1. The amended complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2).

2. Plaintiff may file an Amended Complaint on or before December 17, 2020.

   **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on November 17, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record